# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIANO GALLEGOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERNEST J. LICALSI, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01304 DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT WITH EXHIBIT<br>[ECF Nos. 8, 10]<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>[ECF No. 9] |

Plaintiff Feliciano Gallegos, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 26, 2015.[1]

On September 11, 2015, and November 2, 2015, Plaintiff filed motions for an order granting him permission to supplement his complaint with an exhibit. Pursuant to Federal Rules of Civil Procedure 15(d), Plaintiff's motions are granted.

On September 11, 2015, Plaintiff filed a motion for appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on September 11, 2015.

exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).  In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.  For the foregoing reasons, plaintiff's motion for the appointment of counsel is denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's motions to supplement his complaint with an exhibit is GRANTED, and Plaintiff MAY FILE the supplement within fourteen (14) days of the date of service of this order; and

2) Plaintiff's motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **November 3, 2015**          /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

2